IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02326-BNB

ERIC CHRISTOPHER PROVENCIO,

Applicant,

v.

BLAKE R. DAVIS, Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 16 2009

GREGORY C. LANGHAM
CLERK

ORDER DIRECTING APPLICANT TO FILE
AMENDED APPLICATION

Applicant, Eric Christopher Provencio, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. On September 30, 2009, Mr. Provencio submitted a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. As relief, Mr. Provencio asks for his release from custody.

The Court will construe the Application liberally because Mr. Provencio is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Provencio will be ordered to file an Amended Application.

Mr. Provencio asserts three claims. In his first claim, he appears to allege that he was denied his right to due process during a disciplinary hearing, and that he was placed in administrative segregation for seven months. He also appears to assert that

prison officials retaliated against him for his legal activities. In his second claim, he alleges that a prison official slammed his head into a metal bar, causing a massive head injury. In his third claim, he alleges that prison officials were deliberately indifferent to a serious injury to his left knee and foot.

Mr. Provencio's claims and application are confusing. He appears to be attempting to assert a claim pursuant to 28 U.S.C. § 2241 because he is challenging the execution of his conviction and sentence. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). He also appears to be asserting claims pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), because he is challenging the conditions of his confinement. Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). To the extent Mr. Provencio is challenging the execution of his sentence, he may do so in the instant habeas corpus action pursuant to 28 U.S.C. § 2241. To the extent he is challenging the conditions of his confinement, he must do so in a separate *Bivens* action. Further, Mr. Provencio, in part, raises the same claims he asserts in Case No. 09-cv-02329-BNB, a pending action brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), in this Court, in which he also alleges that he was assaulted by prison officials, resulting in a massive head injury.

In addition, Mr. Provencio's handwriting is hard to decipher and makes understanding his allegations difficult. Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible.

*See* D.C.COLO.LCivR 10.1E. and G. One reason the application Mr. Provencio filed is difficult to read is because the application is single-spaced and written in tiny letters. Therefore, the amended application Mr. Provencio will be directed to file, if handwritten, shall be double-spaced and written legibly.

Finally, Mr. Provencio's claims fail to comply with Fed. R. Civ. P. 8(a)(2) because they are repetitive and are not short and plain statements showing that Mr. Provencio is entitled to relief.

In the Amended Application Mr. Provencio must set forth his claims in short and concise statements. He may not raise the same claims in this action that he seeks to raise in Case No. 09-cv-02329-BNB. Accordingly, it is

ORDERED that Mr. Provencio file **within thirty days from the date of this Order** an Amended Application on a Court-approved form that complies with Fed. R. Civ. P. 8. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Provencio, together with a copy of this Order, two copies of the following form to be used in filing the Amended Application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

3

FURTHER ORDERED that if Mr. Provencio fails within the time allowed to file a Amended Application as directed, the action will be dismissed without further notice.

DATED October 16, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02326-BNB

Eric Christopher Provencio
Reg No. 25695-086
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on 10/16/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk