IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02326-BNB

ERIC CHRISTOPHER PROVENCIO,

Applicant,

v.

BLAKE R. DAVIS, Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 19 2009

GREGORY C. LANGHAM
CLERK

ORDER DISMISSING CASE

Applicant, Eric Christopher Provencio, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. On September 30, 2009, Mr. Provencio submitted a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. As relief, Mr. Provencio asks for his release from custody.

By order dated September 30, 2009, Magistrate Judge Boyd N. Boland directed the Clerk of the Court to commence a civil action and directed Mr. Provencio to cure certain enumerated deficiencies in the Prisoner Complaint. On October 16, 2009, Magistrate Judge Boland determined that the Application was deficient, because Mr. Provencio was asserting claims pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), in addition to his claims asserted pursuant to § 2241. Therefore, Magistrate Judge Boland ordered Mr. Provencio to file

an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 within thirty days.

On November 6, 2009, Mr. Provencio filed a letter to the Court. In the letter, he states, "I am requesting to withdraw the action [because] I have other matters pending in your Court . . . ." The Court must construe the letter liberally because Mr. Provencio is a *pro se* litigant. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See **Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will construe liberally the letter as a notice of voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

Fed. R. Civ. P. 41(a)(1) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." No answer or motion for summary judgment has been filed by Defendants in this action. Further, a voluntary dismissal under Rule 41(a)(1) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. See J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); **Hyde Constr. Co. v. Koehring Co.**, 388 F.2d 501, 507 (10th Cir. 1968). The letter, therefore, closes the file as of November 6, 2009. See **Hyde Constr. Co.**, 388 F.2d at 507. Accordingly, it is

ORDERED that the action is dismissed pursuant to Fed. R. Civ. P. 41(a)(1). It is FURTHER ORDERED that the voluntary dismissal is without prejudice and is effective as of November 6, 2009, the date Applicant filed the letter in this action.

DATED at Denver, Colorado, this 19 day of November, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02326-BNB

Eric Christopher Provencio
Reg No. 25695-086
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/19/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk